ERASTUS W. DRURY and LOYAL H. JONES, Plaintiff in Error.

*vs.*

HOSEA MANN, Defendant in Error.

ERROR TO FOND DU LAC CIRCUIT COURT.

Where suit is commenced by declaration, and a service of a copy thereof, the declaration must be entitled of a day on or before the day on which it shall be filed, and need not be of a term.

Where suit is brought against D. and J. by declaration against them personally, and a note was given in evidence, made by them as administrators; *Held*, that such error, if any there be, must be brought to the record by bill of exceptions, in order to be noticed on error.

The declaration contained the common counts, for work and labor, goods sold, materials furnished, also the money counts, and a copy of the note was indorsed on the declaration, but the notice accompanying the same did not state that the note was the only cause of action; objections to the note in evidence, to be made available on error, must be made the subject of exception, and thus a part of the record. Without such exception, the court cannot determine whether the judgment was upon the note or common counts, or even whether the note was in evidence.

ACTION of assumpsit in Fond du Lac Circuit Court, brought by the defendant in error against the plaintiffs in error. The case, as well as the points of counsel, will fully appear in the opinion of the court.

*Truesdall*, for the plaintiffs in error.

*Bragg*, for the defendant in error.

*By the Court*, COLE, J. This was an action of assumpsit commenced in the Circuit Court of Fond du Lac county, by filing and serving a declaration with notice to plead under the statute. The declaration contained the usual common counts for labor performed, materials furnished, money had and received, &c. The plaintiff gave notice that at the trial he should offer in evidence a promissory note, giving a copy, which was in the words

and figures following, viz: "For value received, we as administrators of the estate of H. Jones, deceased, promise to pay Hosea Mann or order, two hundred and sixty-three 66-100 dollars, with twelve per cent. interest until paid on demand.

$263.66.                    W. Rapids, November 3, 1853.

*Signed* $\Big\{$ L. H. JONES, Admr.
          E. W. DRURY, Admr."

The default of Jones was properly entered for want of plea. Drury interposed a demurrer to the declaration, setting forth the following causes of demurrer:

"That the said declaration is not entitled in any court; neither does it appear in and by the said declaration, in what court the said action is brought against the said defendant; and also for that the said declaration is not entitled in any term whatever, &c."

The demurrer was overruled and judgment entered against both defendants at the April term of the Fond du Lac Circuit Court, both defendants objecting to the entry of such judgment, for reasons which will be subsequently attended to. To reverse this judgment the cause comes to this court on the record, by writ of error.

The only question before us for consideration is, as to the correctness of the decision of the court, in overruling the demurrer. The declaration is entitled as follows:

"In Circuit Court                of the 20th day of February,
A. D. 1855.

*Fond du Lac County, ss.*"

We do not think any of the causes of demurrer well taken. The declaration is entitled in the Circuit Court, which is sufficient to designate the court in which the action is brought; and the venue immediately follows, determining the county in which it is to be tried. In these respects the declaration appears to be in strict conformity to old and approved precedents. 1 *Chitt. Pl.* 11. *Am. edition*, 262; *Appendix to same*, 2 *vol. passim;* 1 *Bur. Pra.* 120.

Rule 3d of the Circuit Court rules, provides that when a suit is commenced by filing a declaration and serving a copy, the declaration shall be of a day on or before the day on which it shall be filed. The declaration is entitled of the 20th of Febru-

ary, and filed on the 21st. This disposes of the remaining objection made by the demurrer.

The plaintiffs in error further objected to the entry of judgment against them for the following reasons:

1st. On the ground that the declaration was insufficient, informal, &c.

2d. That the defendants should have been sued in their representative capacity and not individually, to have entitled the plaintiff to recover on the note.

We see nothing in either of the objections to prevent the entry of the judgment. Had the plaintiffs in error objected to the admission of the note in evidence on the trial, upon the ground that it was given by them in their representative capacity as administrators of the estate of H. Jones, deceased, and hence was not competent proof in an action against them personally; and presented that question and the ruling of the court thereon to us, by a bill of exceptions, we could have considered it. As it is, however, we are unable to pass upon it. The objections to the declaration were disposed of in considering the demurrer.

Judgment of the Circuit Court is affirmed, with costs.